**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| MAHAMMAD NAWAZ RAJA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Lead Case No. 1:26-cv-00030 (LMB/WBP) |
| LVNV FUNDING, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Mahammad Raja filed two Motions to Quash Subpoenas ("Motions"; ECF Nos. 72, 81) directed to the Virginia Department of Motor Vehicles ("DMV"), Costco Wholesale Corp. ("Costco"), and Navy Federal Credit Union ("Navy Federal"). Defendant LVNV Funding LLC ("LVNV") opposes the Motions. (ECF No. 75.) Plaintiff set the Motions for a hearing on March 13, 2026, but the Court finds oral argument unnecessary and cancels that hearing. *See* Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

For the reasons stated below, the Court DENIES the Motions as to the subpoenas directed to the DMV and Navy Federal, GRANTS in part and DENIES in part the Motions as to the subpoena directed to Costco, and NARROWS the Costco subpoena as set forth below.

**I.**

Plaintiff, proceeding *pro se*, brings this consumer credit case under the Fair Debt Collection Practices Act ("FDCPA"), alleging that Defendants violated the Act by, among other things, attempting to collect on unpaid credit accounts. (ECF No. 1-2 ¶¶ 100, 110, 127, 139.)

Credit One Bank, N.A. opened the credit card account at issue[1] in 2021 in the name "M**o**hammad Raja" (emphasis added), residing at 42907 Park Brooke Court, Broadlands, Virginia, 20148-5304, with telephone number (540) 687-0004, social security number ("SSN") ending in 9586, and email address therajafamily@gmail.com. (ECF No. 10 at 3; ECF No. 75 at 2–4.) After the account became delinquent, Defendants purchased the debt and attempted to collect payments from Plaintiff. (ECF No. 10 at 3.)

Plaintiff sent Defendants dispute notices alleging that the account is not his and that someone fraudulently opened it through identity theft. (ECF No. 1-2 at 34.) As support, Plaintiff alleges that his name is "M**a**hammad Raja"—spelled with an "a" rather than an "o"—and that his personal information was obtained through a data breach. (ECF No. 72 at 5–6.)

## II.

To challenge Plaintiff's identity theft allegations, LVNV issued three third-party subpoenas. First, LVNV subpoenaed the DMV for documents associated with "Mohammad" or "Mahammad" Raja bearing the same SSN and address listed on the Credit One account. (ECF No. 64-1.) Second, LVNV subpoenaed Costco for documents associated with those same names, the same address, the same last four digits of the SSN, and the same email address listed on the Credit One account, but also with specific phone numbers and credit card numbers that LVNV filed and were sealed by Court order. (ECF Nos. 62, 84–85.) Third, LVNV subpoenaed Navy Federal for payment information and government-issued identification documents associated with the same names and the same address listed on the Credit One account. (ECF No. 74-1.)

---

[1] This case has been consolidated with *Raja v. Resurgent Cap. Services, L.P. et al.*, No. 1:26-cv-00307-LMB-WBP (E.D. Va. Feb. 5, 2026), which involves an account with Community Bank Inc. (ECF No. 69.) The Community Bank account is not relevant to Plaintiff's Motions.

Plaintiff moves to quash all three subpoenas on the grounds that the requests are overly broad, disproportionate to the needs of the case, and seek highly sensitive personal information. (ECF No. 72 at 7–9.) LVNV responds that the requested information supports its defense that Plaintiff opened the Credit One account, was not a victim of identity theft, and sometimes spells his first name "Mohammad." (ECF No. 75 at 2.)

### III.

Federal Rule of Civil Procedure 45(d) requires a party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense," and a court must quash or modify any subpoena that requires disclosure of privileged material or that subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A), (B). The moving party bears the burden of showing that a subpoena warrants quashing under Rule 45. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 n.2 (4th Cir. 2019).

Federal Rule of Civil Procedure 26(b)(1) requires that discovery be "relevant to any party's claim or defense and proportional to the needs of the case." When a subpoena targets a non-party, the court applies "a more demanding analysis" because non-parties "should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* at 189; *see also Trans Union, LLC v. Scroggins*, No. 3:24-mc-2-MHL-SLS, 2024 WL 4124681, at *4 (E.D. Va. Sept. 9, 2024).

### IV.

The subpoenas are relevant to LVNV's defense and proportional to the needs of the case. Each seeks information probative of the central disputed question: whether Plaintiff opened the Credit One account himself or was, as he claims, a victim of identity theft.

3

Plaintiff's objection that the subpoenas seek sensitive personal information is unpersuasive. By filing this lawsuit and claiming that his Social Security card would prove a different spelling of his name than appears on the account, Plaintiff placed his own identity and personal information at issue. (ECF No. 75-1 at 1 n.1.) He cannot rely on those facts to support his claims while simultaneously shielding them from discovery.

Each subpoena serves a distinct evidentiary purpose. The DMV subpoena could verify the spelling of Plaintiff's name on a government-issued identification document, as well as his address and other identifying information, which is directly relevant to whether the account holder and Plaintiff are the same person. The Navy Federal subpoena is probative of whether Plaintiff opened and used the Credit One account: if Plaintiff made payments on that account from his Navy Federal account, that finding would tend to show that he opened the Credit One account himself. The Costco subpoena could confirm whether Plaintiff used the Credit One card to pay for a Costco membership, which requires a photo identification at the point of purchase.

The Court has one narrow concern about the Costco subpoena. As written, it sweeps broadly enough to capture records of any individual named Mohammad or Mahammad Raja who holds a Costco membership in Virginia, potentially exposing unrelated third parties' personal information. The Court will narrow the Costco subpoena to require production only of records associated with at least one of the following known identifiers: the address at 42907 Park Brooke Court, Broadlands, Virginia, 20148-5304; telephone number (540) 687-0004; email address therajafamily@gmail.com; or SSN ending in 9586. This modification adequately protects unrelated individuals while preserving the subpoena's legitimate evidentiary purpose.

## V.

Accordingly, the Court ORDERS as follows:

1. The Court CANCELS the hearing on the Motions currently scheduled for March 13, 2026.

2. The Court DENIES the Motions as to the subpoenas directed to the DMV and to Navy Federal. (ECF Nos. 72, 81.) LVNV may enforce these subpoenas as issued.

3. The Court GRANTS in part and DENIES in part the Motions as to the subpoena directed to Costco. (ECF Nos. 72, 81.) The Costco subpoena is narrowed to require production only of records associated with at least one of the following identifiers: (a) address at 42907 Park Brooke Court, Broadlands, Virginia, 20148-5304; (b) telephone number (540) 687-0004; (c) email address therajafamily@gmail.com; or (d) SSN ending in 9586. LVNV must serve on Costco an amended subpoena consistent with this Order within five days of the date of this Order.

4. The Court notes Plaintiff's concern about his sensitive information. The Court reminds Defendants that documents responsive to any of the subpoenas must not be filed on the public docket except on the Court's order or for use in a motion or at trial with redactions to confidential information in accordance with Local Civil Rule 5 and Federal Rule 5.2. (ECF No. 73 ¶¶ 14(g), 15; ECF No. 84.)

Entered this 12th day of March 2026.

_____
William B. Porter
United States Magistrate Judge

Alexandria, Virginia